IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

RAYMOND EDWARD GILL                    *

     v.                               *       CIVIL ACTION NO. RDB-15-3819
                                               (Related to Criminal Case RDB-01-478)
UNITED STATES OF AMERICA               *

                               *****

## **MEMORANDUM OPINION**

This matter is before the Court on a self-represented "Writ of Coram Nobis" filed by Raymond Edward Gill, dated December 8, 2015.  Mindful that Gill is proceeding pro se, his Writ has been generously construed as a challenge to the sentence imposed in *United States v. Gill*, Criminal No. RDB-01-0478 (D. Md. 2002).  Gill seemingly alleges that he was convicted of a count not charged in the original indictment and the bank where the robbery was committed was not federally insured.[1]  ECF No. 1 at pp. 1-2.

The Writ of Error Coram Nobis is an extraordinary remedy which may be used to correct a fundamental error in a criminal conviction "presenting circumstances compelling its use to achieve justice." *United States v. Denedo*, 556 U.S. 904, 911 (2009) (internal quotation marks omitted); *see*

---

[1]    On April 9, 2002, judgment was entered and Gill was sentenced to a 151-month term in the U.S. Bureau of Prisons for bank robbery and attempted bank robbery, committed in violation of 18 U.S.C. § 2113 (a) & (f).  Gill was further ordered to serve three years of supervised release and to pay a special assessment of $100.00 and restitution of $2,536.00. *See United States v. Gill*, Criminal No. RDB-01-0478 (D. Md. 2002).  On September 12, 2013, a bench warrant was issued to revoke Gill's supervised release. *Id*. at ECF No. 69.  A hearing was held on March 13, 2015.  Gill's supervised release was revoked and he was ordered to serve a 24-month sentence, concurrent to the 480- month sentence imposed in *United States v. Gill*, Criminal No. RDB-13-0577 (D. Md.). *Id*. at ECF No. 76.

*also United States v. Akinsade*, 686 F.3d 248, 252 (4th Cir. 2012).  Relief is limited to those petitioners who are no longer in custody pursuant to their convictions,  *see Carlisle v. United States*, 517 U.S. 416, 429 (1996), for whom relief is no longer available by way of an alternative remedy, such as habeas corpus.  *See Denedo*, 556 U.S. at 911; *Akinsade*, 686 F.3d at 252.  Although, federal courts may grant relief from a conviction by way of coram nobis after a petitioner has completed the sentence at issue, s*ee* 28 U.S.C. § 1651 (2006); *United States v. Morgan*, 346 U.S. 502, 512-513 (1954), the Supreme Court has stated that "it is difficult to conceive of a situation in a federal criminal case today where a writ of coram nobis would be necessary or appropriate." *Carlisle*, 517 U.S. at 429.

To be entitled to coram nobis relief, a petitioner must demonstrate that: "(1) a more usual remedy is not available; (2) valid reasons exist for not attacking the conviction earlier; (3) adverse consequences exist from the conviction sufficient to satisfy the case or controversy requirement of Article III; and (4) the error is of the most fundamental character."  *United States v. Bazuaye*, 399 Fed. Appx. 822, 2010 W.L. 4366456, * 1 (4th Cir. 2010) (unpublished), citing *Hirabayashi v. United States,* 828 F.2d 591, 604 (9th Cir. 1987).  Gill has not made such a demonstration and relief under the writ must be denied.

This Court must also determine whether Gill's post-judgment filing must be construed as an unauthorized and successive § 2255 motion attacking his conviction, or  alternatively, a proper Rule 60(b) post-judgment motion seeking a remedy for some defect in the collateral review process itself.   The answer to this question is important because it has jurisdictional implications. If Gill's Writ is

construed as an unauthorized and successive § 2255 motion directly attacking his conviction or sentence, then this court lacks jurisdiction to consider it. *See United States v. Winestock,* 340 F.3d 200, 206 (4th Cir. 2003).

This Writ directly attacks Gill's 2002 sentence, and is more appropriately construed as a 28 U.S.C. § 2255 Motion to Correct, Set Aside or Vacate. *See Calderon v. Thompson*, 523 U.S. 538, 554 (1998) (ruling it is the subject matter of the motion and not a petitioner's description which determines its status). As such, the Motion represents Gill's seventh attempt to collaterally attack his 2002 conviction and/or sentence. *See Gill v. United States*, Civil Action Nos. JFM-01-0478 ;[2] JFM-04-2321, JFM-06-150, JFM-07-2425 , and RDB-15-35. Successive motions under § 2255 may not be filed absent leave to do so from the Court of Appeals. *See* 28 U.S.C. §§ 2244(b)(3)(A) & 2255; *In re Avery W. Vial*, 115 F.3d 1192, 1197-98 (4th Cir. 1997). Since Gill has not obtained this authorization from the United States Court of Appeals for the Fourth Circuit,[3] the Motion must be dismissed for lack of jurisdiction. *See Evans v. Smith*, 220 F.3d 306, 325 (4th Cir. 2000).

Gill has no absolute entitlement to appeal the denial of his § 2255 Motion. *See* 28 U.S.C. § 2253(c)(1). A certificate of appealability may issue only if the applicant has made a substantial showing of the denial of a constitutional right. *Id.* at §2253(c)(2). Gill "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke,* 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473,

---

[2]     This incorrect case number is noted on the docket. *See United States v. Gill*, Criminal No. RDB-01-478 at ECF No. 33.

[3]     The Fourth Circuit last denied authorization on June 7, 2007. *See In Re: Gill*, CA-07-179

484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further,' " *Miller-El v. Cockrell*, 537 U.S. 322, 335-36, (2003) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n. 4 (1983).  The Court declines to issue a certificate of appealability because Gill has not made the requisite showing.  A separate Order follows.


Date:  December 16,  2015                    _____/S/_____
                                             RICHARD D. BENNETT
                                             UNITED STATES DISTRICT JUDGE

---

(4th  Cir. 2007).